# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# CIVIL MINUTES—GENERAL

| Case No. | **2:19-cv-10015-PSG-SHK** | Date: | December 5, 2019 |
|---|---|---|---|

| Title: | *Julius Neal v. Sherman* |
|---|---|

---

Present: The Honorable Shashi H. Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why This Action Should Not be Dismissed

## I. SUMMARY

Petitioner Julius Neal ("Petitioner"), proceeding pro se, signed and subsequently filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition" or "Pet.") pursuant to 28 U.S.C. § 2254. Electronic Case Filing Number ("ECF No.") 1, Pet. The Petition was filed in this Court on November 22, 2019.

As best can be understood, the Petition raises two sentencing error claims. ECF No. 1, Pet. at 5, 7. Based on this Court's review of the Petition, it appears to have several problems.

First, although Petitioner frames his claims as federal constitutional claims, at heart he is complaining about the sentences he received pursuant to California state law and apparently, his entitlement to parole. ECF No. 1, Pet. at 5, 7. Such claims are not cognizable under federal habeas law. Second, it does not appear that the current habeas petition was filed in a timely manner. As explained in more detail below, the Petition appears untimely because it was filed well after the one-year deadline under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Lastly, Petitioner has neither claimed—nor is there any evidence to support—that he appealed to the highest state court regarding his claims to indicate exhaustion of state court proceedings.

However, before this Court makes a final decision whether the matter can go forward, this Court will give Petitioner an opportunity to provide any information he may have regarding

the timeliness of this Petition, his exhaustion efforts, and the merits of his claim. Therefore, this Court issues this Order to Show Cause ("OSC") why this action should not be dismissed as untimely. Petitioner's response is required no later than **January 4, 2020**.

## II.  BACKGROUND

### A.  State Court Proceedings

Petitioner alleges that he was convicted of several counts of attempted murder on May 7, 2008. ECF No. 1, Pet. at 1. The California Courts Case Information docket indicates that Petitioner filed a direct appeal in his case, which was denied by the California Court of Appeal on April 23, 2009. People v. Neal, California Court of Appeal Case No. B208022, http://appellatecases.courtinfo.ca.gov (last accessed on December 3, 2019)[1] His Petition for Review to the California Supreme Court, filed on May 27, 2009, was denied on July 8, 2009. People v. Neal, California Supreme Court Case No. S173139. The California Courts Case Information docket also indicates that Petitioner filed a state habeas corpus petition with the California Supreme Court on November 22, 2019, the nature of the claims being unclear at this juncture. In re Neal (Julius) on Habeas Corpus, California Supreme Court Case No. S259319. That case is currently pending. The Court finds no other entry on the state docket indicating that Petitioner filed any other collateral challenges to his judgment of conviction.

### B.  Federal Court Proceedings

On November 4, 2019, Petitioner constructively filed the pending federal Petition and asserted the previously described grounds for habeas relief. See Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (noting that the "mailbox rule" allows a court to deem a pleading that is handed by a pro se litigant to prison authorities for mailing constructively "filed" on the date it is signed).

## III.  DISCUSSION

As discussed in more detail below, the Petition appears deficient because (1) it states claims that, on their face, are not cognizable under federal habeas law; (2) it appears untimely under the one-year statute of limitations; and (3) the claims in the Petition appear unexhausted. If Petitioner wishes to pursue these claims in federal court, Petitioner should address the deficiencies noted below in his response to this OSC by January 4, 2020.

---

[1] Because the Court may review and consider the information from official websites regarding the status of Petitioner's state court matters, the Court takes judicial notice of the California Court docket pertaining to Petitioner. See Fed. R. Evid. 201 (providing that a court may take judicial notice of adjudicative facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); Harris v. Cty. of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (noting that a court may take judicial notice of federal and state court records).

### A. It Is Unclear Whether The Claims Raised In The Petition Are Cognizable Under Federal Habeas Law.

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991); see also Smith v. Phillips, 455 U.S. 209, 221 (1982) ("A federally issued writ of habeas corpus reaches only convictions obtained in violation of some provision of the United States Constitution.").

Here, as best can be understood, Petitioner is arguing that his sentence was improper under state law, and that he is entitled to be paroled. These claims are not properly raised on federal habeas review. Although Petitioner alleges a violation of double jeopardy in this claim, it is entirely unclear how his sentence for multiple attempted murder convictions and enhancements constitutes a violation of the protection against double jeopardy. Rather, it seems that Petitioner is alleging that the state courts misinterpreted state law (i.e., Cal. Penal Code Sections 1170.1, 12022.53) when they determined his sentence. This claim is not cognizable on federal habeas review because federal habeas law only provides a remedy for violations of the Constitution or laws or treaties of the United States. Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) (as amended) ("alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings). Further, the issue of whether Petitioner is entitled to parole or a parole hearing is not one for this Court to decide. See Swarthout v. Cooke, 562 U.S. 216, 222 (2011) ("[T]he responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business.").

Because the Petition seems to raise grounds for relief that do not fall under the scope of federal habeas law, it appears to be subject to dismissal. In response to this OSC, Petitioner should include facts showing that his claims allege a violation of a federal law—not a state law—and that any remedy of this violation would inevitably affect the duration of his confinement.

### B. Unless A Basis For Tolling The Statute Existed, Petitioner's Last Day To File His Federal Habeas Petition Was October 6, 2010.

Because the Petition was filed after the President signed into law the AEDPA, it is subject to the AEDPA's one-year statute of limitations, as set forth at 28 U.S.C. § 2244(d). See Campbell v. Henry, 614 F.3d 1056, 1058 (9th Cir. 2010). The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>     (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>     (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

The one-year AEDPA limitations period ordinarily runs from the date a petitioner's conviction becomes final, which occurs upon "the conclusion of direct review or the expiration of the time for seeking suck review." 28 U.S.C. § 2254(d)(1)(A). The period of direct review includes both the date the state's highest court enters judgment and the 90-day period following entry of judgment "within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition." Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Petitioner had until October 6, 2009 – 90 days from the date of the denial of his Petition for Review – to file a request for a writ of certiorari with the United States Supreme Court. Sup. Ct. R. 13. There is no indication that Petitioner did so. Therefore, Petitioner's conviction became final on October 6, 2009, from which date AEDPA's one-year statute of limitations began to run, absent the application of an alternate start date under § 2244(d)(1) or demonstrated entitlement to sufficient statutory or equitable tolling. The limitations period expired one year later, on October 6, 2010. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner does not appear to contend that he is entitled to a later trigger date under 28 U.S.C. § 2244(d)(1)(B) or (C) and no information exists to support that either of those bases would apply. As to § 2244(d)(1)(B), the Petition does not assert that Petitioner was impeded from filing his federal petition by unconstitutional state action and is thereby entitled to a later trigger date under § 2244(d)(1)(B). As to § 2244(d)(1)(C), the Petition alleges no facts to support that his claim is based on a federal constitutional right that was initially recognized by the United States Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral review.

Finally, for purposes of § 2244(d)(1)(D), the statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (citation omitted). Here, Petitioner's claims are not based on important facts of which Petitioner was unaware or which could not have been discovered through the exercise of due diligence prior to the date his conviction became final.

Consequently, Petitioner's conviction became final on October 6, 2009, and the limitations period expired one year later on October 6, 2010. However, Petitioner did not constructively file his Petition until November 4, 2019. Thus, absent tolling, the Petition is untimely by over 9 years.

The burden of demonstrating that the AEDPA's one-year limitations period was sufficiently tolled, whether statutorily or equitably, rests with the petitioner. See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Zepeda v. Walker, 581 F.3d 1013, 1019 (9th Cir. 2009); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). For the reasons discussed below, the Petitioner would need to provide information showing that he was entitled to tolling, or a delay, under another part of AEDPA.

### 1. Petitioner Does Not Appear Entitled To Statutory Tolling.

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)). "Post-conviction review is 'pending,' and thus the statute of limitation tolls, while a prisoner is pursuing a full round of habeas relief in the state court." Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010). Here, it appears that Petitioner filed only one collateral challenge to his conviction in state court. However, by then, Petitioner's conviction was already final. "[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Thus, he is not entitled to statutory tolling for this filing.

### 2. Petitioner Does Not Appear Entitled To Equitable Tolling.

The AEDPA one-year deadline can also be extended under a doctrine called equitable tolling. See Holland v. Florida, 560 U.S. 631, 634 (2010) (holding "that the timeliness provision in the federal habeas corpus statute is subject to equitable tolling"). In order to qualify for this type of tolling, Petitioner must show: "(1) that [Petitioner] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418; see also Holland, 560 U.S. at 649 (applying Pace standard). Additionally, "the prisoner must show that the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citation omitted); see also Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) (quoting Spitsyn). It is difficult for petitioners to prevail on claims of equitable tolling because "[t]he threshold necessary to trigger equitable tolling under [the] AEDPA is very high, lest the exceptions swallow the rule." Mendoza v. Carey, 449 F.3d 1065, 1068 (9th Cir. 2006) (citation omitted).

In Petitioner's case, there is no indication that the AEDPA one-year statute of limitations would be delayed on this basis. However, through this OSC, the Court grants Petitioner an opportunity to provide any information in this regard before making a final decision on equitable tolling.

### C. The Petition Is Subject To Dismissal Because The Claims It Alleges Do Not Appear Exhausted.

Generally, before a federal court may grant habeas relief to a petitioner, the petitioner must exhaust his remedies in state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). That is, the petitioner must give the highest state court an opportunity to review the claims before the

petitioner files a habeas action in federal court.  Id.  A federal court may not grant habeas relief to a petitioner unless the individual has first exhausted his state court remedies by fully and fairly presenting each claim to the highest state court.  Libberton v. Ryan, 583 F.3d 1147, 1164 (9th Cir. 2009).  A claim has not been fairly presented unless the petitioner has described in the state court proceedings both the operative facts and the federal legal theory on which the claim is based.  See Duncan v. Henry, 513 U.S. 364 (1995); Davis v. Silva, 511 F.3d 1005, 1009-10 (9th Cir. 2008).

Here, Petitioner wrote "N/A" on the habeas form when asked to indicate whether he had exhausted his claims in state court.  ECF No. 1, Pet. at 5, 7.  There is no indication that these claims were part of his Petition for Review to the California Supreme Court.  Further, while Petitioner did file a collateral challenge in the California Supreme Court on November 22, 2019, it is wholly unclear which claims were raised in that habeas petition.  It is clear, though, that that Petition is still pending.  Even assuming, then, that the state petition raises the claims that Petitioner is attempting to raise in the pending federal petition, those claims are not yet exhausted. Schnepp v. Oregon, 333 F.2d 288 (9th Cir. 1964) (per curiam) (state remedies are unexhausted where a petition for post-conviction relief is still pending in state court).

## IV.  ORDER

Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed for being untimely, and raising non-cognizable and unexhausted claims, by filing a written response **no later than January 4, 2020.**

**The Court warns Petitioner that failure to timely file a response to this Order will result in the Magistrate Judge recommending that this action be dismissed with prejudice as untimely, and for failure to prosecute and comply with court orders.  See Fed. R. Civ. P. 41(b).**

**The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record as well as documents necessary to petition the Court to proceed in forma pauperis.**

**IT IS SO ORDERED.**